UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARCAUREL A. PIERRE,
FDOC Inmate #X90353,
    Plaintiff,

v.                                         Case No. 3:23cv24722/MCR/ZCB

J.K. SMITH, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff Marcaurel Pierre is an inmate of the Florida Department of Corrections (FDOC). He is proceeding *pro se* and *in forma pauperis* in this civil rights actions under 42 U.S.C. § 1983. After reviewing Plaintiff's complaint, the Court recommends dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) because it is a malicious abuse of the judicial process, barred by *res judicata*, and time-barred.

**I.    Background**

    Plaintiff's complaint names three Defendants, all of whom are officials at Century Correctional Institution: Sergeant J.K. Smith, Captain Igo, and Warden Kolozeij. (Doc. 1 at 1-3). Plaintiff alleges that

1

on March 16, 2018, he was assaulted by another inmate "on behalf of some staff at Century C.I." (*Id.* at 5). He alleges "security" housed him with the inmate despite disparities in their physical size, "affiliation," and length of sentence. (*Id.* at 5-6). Plaintiff alleges "security" made this housing decision to punish him for writing grievances about inadequate medical treatment. (*Id.*). Plaintiff asserts claims under the Eighth and Fourteenth Amendments, as well as the Florida Administrative Code. (*Id.* at 8). He seeks monetary damages and injunctive relief (i.e., expungement of all disciplinary reports from his inmate file and revocation of Defendants' certification as law enforcement officers). (*Id.* at 8-9).

## II.   Discussion

### A.   Plaintiff's complaint is a malicious abuse of the judicial process

A district court shall dismiss an *in forma pauperis* action if it is malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is "malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury." *Allen v. Santiago*, No. 22-11946, 2023 WL 5745494,

at *1 (11th Cir. Sept. 6, 2023) (citation omitted). And the Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for misrepresenting litigation history on the complaint form. *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal where prisoner failed to identify two prior lawsuits on the complaint form).[1] Dismissal is appropriate even if the prisoner blames a lack of memory or a misunderstanding for his failure to truthfully disclose. *See id.* at 624-25 (affirming dismissal for failure to disclose even though prisoner claimed that he lacked full memory about the omitted lawsuit); *see also Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

---

[1] A raft of Eleventh Circuit cases say the same thing. *See, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (affirming dismissal of prisoner's complaint as malicious for abuse of judicial process where prisoner failed to disclose previously filed cases); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

Here, Section VIII on the Court's complaint form asked Plaintiff to answer the following three questions:

    A.    Have you had any case in federal court . . . dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

    B.    Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issue involved in this case?

    C.    Have you filed any other lawsuit . . . in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

(Doc. 1 at 8-12). Plaintiff checked "NO" as the answer to all of those questions. (*Id.*). At the end of the complaint form, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that the foregoing . . . is true and correct." (*Id.* at 12-13).

Upon researching Plaintiff's litigation history, the Court has discovered that Plaintiff failed to accurately disclose his litigation history on the complaint form. According to the Court's docket, before Plaintiff

4

filed his civil rights complaint in this case, he filed three other lawsuits in this Court. The first of those lawsuits was *Pierre v. Kolodzeij, et al.*, Case No. 3:20cv4786-LC-HTC (N.D. Fla.). In that lawsuit, Plaintiff named Sergeant Smith, Captain Igo, Warden Kolodzeij (the same Defendants named in this case), and other prison officials at Century C.I. as Defendants. (*Id.*, Complaint, Supplement to Complaint, Amended Complaint). Plaintiff's pleadings challenged the conditions of his confinement and included a failure to protect claim regarding the attack by Plaintiff's cellmate on March 16, 2018. (*Id.*). The Court dismissed the complaint with prejudice for failure to comply with a court order and failure to state a claim. (*Id.*, Order (N.D. Fla. July 8, 2020)).

Plaintiff's second prior lawsuit was *Pierre v. Settlemires, et al.*, Case No. 3:23cv12771-MCR-ZCB (N.D. Fla.). Plaintiff filed that lawsuit on May 31, 2023. (*Id.*, Complaint). Plaintiff claimed that FDOC prison officials violated his rights under the First and Eighth Amendments by subjecting him to excessive force, denying him medical treatment, and retaliating against him. (*Id.*, Complaint, Amended Complaint).

5

Plaintiff's third prior lawsuit was *Pierre v. Johnson*, Case No. 3:23cv24013-LC-ZCB (N.D. Fla.). Plaintiff filed that lawsuit in August 2023. (*Id.*, Complaint). Plaintiff claimed that an FDOC prison official violated his rights under the Eighth Amendment by subjecting him to excessive force and denying him medical treatment. (*Id.*, Complaint, First Amended Complaint).

Plaintiff's first lawsuit qualified for disclosure under Questions A, B, and C of Section VIII. That is because it was a federal lawsuit that was dismissed for failure to state a claim; it dealt with the same facts or issue involved in this case; and it related to the conditions of Plaintiff's confinement.

Plaintiff's second and third lawsuits qualified for disclosure under Question C because they were federal lawsuits relating to the conditions of Plaintiff's confinement.

Plaintiff was required to list all three of those prior lawsuits on the complaint form. He listed none of them.

The prior litigation portion of the complaint form serves important purposes. First, it assists the Court in determining whether the prisoner

6

is barred from proceeding *in forma pauperis* under the "three strikes" provision in 28 U.S.C. § 1915(g).  Second, it allows the Court to determine whether an action is related to another lawsuit.  Third, it enables the Court to determine whether the case involves issues that have been previously decided by another judge.  These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

When prisoners misrepresent their litigation on the complaint form, there should be consequences.  As another judge on this Court has explained, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information.  If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose.  And word does get around the prisons." *See Rodriguez v. Inch*, No. 4:19cv191/RH/HTC, 2020 WL 3050231, at *1 (N.D. Fla. June 7, 2020).  The Court is unwilling to excuse Plaintiff's failure to accurately disclose his litigation history.[2]

---

[2] Permitting Plaintiff to disclose the lawsuits only *after* he was called out

For the reasons above, Plaintiff has abused the judicial process by failing to accurately disclose his litigation history and dismissal for maliciousness is warranted under 28 U.S.C. § 1915(e)(2)(B)(i). Lesser sanctions would be insufficient. *See, e.g.*, *Rickerson v. Sec'y, Fla. Dep't of Corr.*, No. 21-12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (affirming dismissal where *pro se* plaintiff failed to disclose prior state cases that challenged the conditions of his confinement); *see also Thompson v. Quinn*, No. 3:10cv74/MCR/CJK, 2011 WL 5873064 (N.D. Fla. Oct. 20, 2011) *adopted by*, 2011 WL 5873069 (dismissing prisoner's complaint for failing to disclose prior state cases). Accordingly, Plaintiff's complaint should be dismissed as a malicious abuse of the judicial process under 28 U.S.C. § 1915(e)(2)(B)(i).

---

for his failure to disclose them would be the equivalent of overlooking his untruthfulness. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal and denial of an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (affirming dismissal where the plaintiff attempted to provide a full list of his prior cases after a magistrate judge recommended dismissal, and explaining that the district court was "correct to conclude that to allow [plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

### B. Plaintiff's complaint is barred by *res judicata*

Alternatively, Plaintiff's complaint should be dismissed because it is barred by the doctrine of *res judicata*. *Res judicata* applies when "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). *Res judicata* may be properly applied only if four elements are met: (1) the decision in the prior action was rendered by a court of competent jurisdiction; (2) a final judgment on the merits was entered in the prior action; (3) both cases involve the same parties or their privies; and (4) both cases involve the same causes of action. *Id.* (citations omitted). When it applies, *res judicata* also bars "every claim which might have been presented" in the earlier action. *In re Atlanta Retail, Inc.*, 465 F.3d 1277, 1285 (11th Cir. 2006).

A prior dismissal with prejudice for failure to state a claim, under § 1915(e)(2)(B)(ii), qualifies as a final judgment on the merits for purposes of *res judicata. Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003) (holding that § 1915 dismissals with prejudice have a *res judicata*

9

effect on future *in forma pauperis* complaints); *Morris v. May*, 570 F App'x 903, 905 (11th Cir. 2014) (holding that *res judicata* barred § 1983 action filed by prisoner where prior civil rights action was dismissed under § 1915(e)(2)(B)(ii) even though no defendant had appeared); *Harmon v. Webster*, 261 F. App'x 844 (11th Cir. 2008) (holding that *res judicata* barred § 1983 action filed by prisoner proceeding *in forma pauperis* where prior *in forma pauperis* proceeding asserting the same claims against the same defendants was dismissed for failure to state a claim under § 1915(e)(2)).

As previously discussed, Plaintiff previously sued Sergeant Smith, Captain Igo, Warden Kolodzeij, and other prison officials in *Pierre v. Kolodzeij, et al.*, Case No. 3:20cv4786-LC-HTC (N.D. Fla.). One of the claims presented in that lawsuit was Plaintiff's allegation that prison officials failed to protect Plaintiff from an attack by his cellmate on March 16, 2018. (*Id.*). That is the same claim that Plaintiff presents in the current lawsuit. The Court in No. 3:20cv4786 dismissed the prior action *with prejudice* for failure to state a claim and failure to comply with a court order. (*Id.*, Order (N.D. Fla. July 8, 2020)).

All of the elements of *res judicata* are satisfied. For this reason, Plaintiff's complaint is also subject to dismissal under § 1915(e)(2)(B). *Harmon*, 263 F. App'x at 845 (affirming district court's res judicata dismissal under § 1915(e)(2)(B)(ii)); *Hawley v. Bd. Of Regents of Univ. Sys. Of Ga.*, 203 F. App'x 997, 997 (11th Cir. 2006) (affirming district court's res judicata dismissal under § 1915(e)(2)(B)(i)).

### C. Plaintiff's complaint is time-barred

There is yet another reason why Plaintiff's complaint should be dismissed—it is barred by the statute of limitations. Florida's four-year statute of limitations applies to § 1983 claims. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n. 2 (11th Cir. 2002); Fla. Stat. § 95.11(3)(o). "[T]he limitations period begins to run when the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence." *Heard v. Publix Supermarkets, Inc.*, 808 F. App'x 904, 907 (11th Cir. 2020) (cleaned up).

Plaintiff's complaint concerns Defendants' failure to protect him from an attack by his cellmate on March 16, 2018. (Doc. 1 at 5-6). He filed his complaint in this case on November 20, 2023. (*Id.* at 1). That

11

date is more than four years after the alleged incident took place. Thus, Plaintiff's claims are barred by the statute of limitations and should be dismissed under § 1915(e)(2)(B)(ii). *See Jackson v. Scott*, No. 21-11572, 2022 WL 35612, at *2 (11th Cir. Jan. 4, 2022) (affirming district court's dismissal, under § 1915(e0(2)(B)(ii), of plaintiff's claims as untimely); *see also Gomez v. California*, 702 F. App'x 872, 874 (11th Cir. 2017) (same).

### III. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's complaint (Doc. 1) be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) as a malicious abuse of the judicial process, barred by *res judicata*, and barred by the statute of limitations.

2. The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this the 13th day of February 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and

Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.